PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Jalissa Brooks      Docket No. 0650 3:13CR00208 - 3

### Petition for Action on Conditions of Pretrial Release

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Jalissa Brooks who was placed under pretrial release supervision by the Honorable Juliet Griffin sitting in the Court at **Nashville, Tennessee**, on October 21, 2013, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

Dariel S Blackledge-White     Nashville, TN     November 20, 2013
U.S. Pretrial Services Officer     Place:     Date:

**Next Scheduled Court Event**

Event     Date

### PETITIONING THE COURT

☒ No Action            ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant   ☐ Other

**THE COURT ORDERS:**
☒ No Action
☐ The Issuance of a Warrant.
   ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

Date     Time

Considered and ordered this _21st_ day of _November, 2013_, and ordered filed and made a part of the records in the above case.

Honorable Juliet Griffin
U.S. Magistrate Judge

On October 16, 2013, the above referenced defendant was arrested in the Middle District of Tennessee, on a seven-count Indictment which charged her with the following counts, to wit:

| | |
|---|---|
| Count 1: | Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; |
| Count 6: | Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; and |
| Count 7: | Carry and Brandish of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). |

On the same date, the defendant appeared before Your Honor for an Initial Appearance. The Government sought detention, and a detention hearing was scheduled for October 21, 2013.

On October 21, 2013, the Court determined there were conditions that would allow for the defendant's release and thus, Ms. Brooks was ordered released on a personal recognizance bond with pretrial supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; defendant shall notify Pretrial Services of any medication prescribed by a physician:**

On October 21, 2013, the defendant reported to Pretrial Services for her initial intake. At that time, she submitted a urine sample that was submitted to Alere Laboratories, located in Gretna, Louisiana, and was confirmed positive marijuana. Ms. Brooks admitted she had smoked marijuana prior to her arrest for the instant federal offense.

On November 13, 2013, Ms. Brooks submitted a urine sample that was confirmed positive for the presence of marijuana. She admitted she smoked marijuana on November 11, 2013.

On November 20, 2013, the defendant again submitted a urine sample that was positive for

marijuana. She advised she has not used the substance since November 11, 2013.

**Violation No. 2: Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.**

On November 13, 2013, the defendant initially submitted a diluted urine screen. She was instructed to remain in the U.S. Probation and Pretrial Services Office and eventually provided a normalized urine sample.

**Current Status of Case:**

As of this date, no trial date has been set in this matter.

**Probation Officer Action:**

This officer has continued to encourage the defendant to remain drug free, and on October 21, 2013, Ms. Brooks was placed in Phase 6 of the U.S. Probation Office's Code-a-Phone program, a program whereby defendants call daily to ascertain whether they need to report to the U.S. Probation and Pretrial Services Office to submit a urine screen.

Ms. Brooks was also referred for a substance abuse assessment and informed that she would be required to participate in any recommended drug treatment.

On November 20, 2013, Ms. Brooks signed the paperwork necessary for her to participate in substance abuse treatment twice per month.

**Respectfully Petitioning the Court as Follows:**

The defendant tested positive for marijuana at the time of her initial intake and was informed that she cannot use illicit or nonprescribed substances while on supervision. As previously noted, Ms. Brooks admitted to this officer that she smoked marijuana on November 11, 2013, because she was "stressed out." Ms. Brooks completed a substance abuse assessment on November 15, 2013, and treatment was recommended. Thus, Pretrial Services respectfully recommends that no action be taken at this time to allow Ms. Brooks time to commence substance abuse treatment. The defendant has been informed that, should she continue to use marijuana or any other illegal substances, the Court will be notified of her noncompliance, and her bond may be revoked.

Honorable Juliet Griffin
Petition for Action on
BROOKS, Jalissa
Case No. 3:13-CR-00208-03
November 20, 2013

Assistant U.S. Attorney Matthias Onderak has been advised of the above violations.

Approved:

_____
William Burton Putman
Supervisory U.S. Probation Officer


xc:    Matthias Onderak, Assistant U.S. Attorney
       Caryll Alpert, Assistant Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. JALISSA BROOKS     CASE NO.: 3:13-00208

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RELEASE ORDER AND CONDITIONS OF RELEASE

☐ Defendant is released on ~~his/~~her own recognizance, no appearance bond shall be posted, and the following ~~statutorily required~~ standard conditions of release are hereby imposed:

☐ Defendant shall be released on a non-surety bond in the amount of /_____, no security or monies shall be required for defendant to be released, and the following conditions of release are hereby imposed:

☐ Defendant shall be released on a non-surety bond in the amount of _____, cash in the amount of _____ shall be posted to the Clerk of Court, or such other security as listed below, and the following conditions of released are hereby imposed:

☐ Defendant shall be released on a surety bond as described below:

☐ Defendant shall remain on the conditions of supervised release that have been previously imposed by the District Judge. In addition, defendant shall abide by the following conditions:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**WHILE ON RELEASE, I FULLY UNDERSTAND:**

1) I may not change my address or move without permission of the Court. My correct address has been provided to Pretrial Services.

2) I must be in Court each and every time I am instructed to be there, and surrender to serve any sentence imposed.

3) I cannot intimidate or harass any witness, victim, informant, juror or officer of the Court; I cannot obstruct any criminal investigation.

4) I must not violate any local, state or federal law. If I do, I could be punished by as much as from 90 days to 10 years imprisonment in addition to the penalty provided for the offense committed.

Page 1 of 5



IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. JALISSA BROOKS				CASE NO.: 3:13-00208

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

5) If I violate any condition of release, a warrant for my arrest could be issued, ~~any bond I signed may be forfeited~~, and new bonds with additional conditions, or my detention until trial, could be ordered by the Court, and I could be held in contempt of Court.

6) If I fail to appear at any proceeding in this case or I fail to surrender to serve any sentence imposed, I could be charged and convicted of bail jumping which is punishable by, in some cases, as much as 10 years imprisonment and/or a fine, in addition to any other punishments imposed in the original case.

7) This special condition or conditions:

*JB* A. Defendant shall report to Pretrial Services as directed

*JB* B. Defendant shall maintain or actively seek verifiable employment; ~~defendant shall request in advance of her Pretrial Services Officer any change in employment~~

*JB* C. Defendant's travel shall be restricted to the Middle District of Tennessee unless pre-approved for out-of-district travel by Pretrial Services

*JB* D. Defendant shall avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including, but not limited to any defendant in a related case. The government will provide a list of additional persons with whom the defendant shall have no contact other than the co-defendants, the alleged victim ("WS") and "TW"

*JB* E. Defendant shall refrain from the possession of firearms, ammunition, or any other dangerous weapons

Page 2 of 5

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. JALISSA BROOKS     CASE NO.: 3:13-00208

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JB  F.  Defendant shall refrain from the excessive use of alcohol

JB  G.  Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner

JB  H.  Defendant shall submit to any method of testing required by the Pretrial Services Office for determining whether the defendant is using a prohibited substance, such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing

JB  I.  Defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed appropriate by the Pretrial Services Officer, any inpatient treatment may be followed by up to 90 days in a halfway house

JB  J.  Defendant shall refrain from obstructing or attempting to obstruct of tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release

JB  K.  Defendant shall participate in a program of mental health treatment or counseling if the Pretrial Services Officer or Supervising Officer considers it advisable

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. JALISSA BROOKS         CASE NO.: 3:13-00208

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

JB  L.  Defendant shall report as soon as possible, within 48 hours, to the supervising officer, any contact with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop

JB  M.  Defendant shall allow a Probation/Pretrial Services Officer to visit at any time at home or elsewhere and confiscate any contraband observed in plain view

N.  *Jalissa Brooks* 10-21-2013

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. JALISSA BROOKS          CASE NO.: 3:13-00208

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

   I acknowledge I have read this Order. I understand that I will receive a copy of it and any Appearance Bond that the Court has ordered at the conclusion of this hearing.

Date: October 21, 2013                X  *(signature)*
                                      Defendant

It is ORDERED that the conditions listed above are imposed. 18 U.S.C. § 3142.

                                      *(signature)*
                                      UNITED STATES MAGISTRATE JUDGE

The **Middle District of Tennessee** consists of the following counties: Cannon, Cheatham, Clay, Cumberland, Davidson, DeKalb, Dickson, Fentress, Giles, Hickman, Houston, Humphreys, Jackson, Lawrence, Lewis, Macon, Marshall, Maury, Montgomery, Overton, Pickett, Putnam, Robertson, Rutherford, Smith, Stewart, Sumner, Trousdale, Wayne, White, Williamson and Wilson.

The following are pertinent Middle District of Tennessee numbers (Area Code 615):
    U.S. Magistrate Judge Juliet Griffin         - 736-5164
    U.S. Magistrate Judge Joe B. Brown        - 736-7052
    U.S. Magistrate Judge E. Clifton Knowles   - 736-7347
    U.S. Magistrate Judge John S. Bryant      - 736-5878
    Clerk of Court                                 - 736-5498
    U.S. Marshal                                   - 736-5417
    U.S. Attorney                                 - 736-5151
    U.S. Probation                               - 736-5771
    Federal Public Defender                  - 736-5047

The United States District Court in **Nashville** is located in the United States Courthouse, 801 Broadway, at the corner of Eighth and Broad. The Court in **Cookeville** is located at 9 East Broad Street. The Court in **Columbia** is located at 816 South Garden Street.

1) <u>**YOU ARE REQUIRED TO LIVE AT THE ADDRESS THAT YOU INFORMED THE COURT YOU WOULD LIVE AT.**</u>

**WANT TO MOVE?????**

**IT IS YOUR RESPONSIBILITY:**

A) <u>**TO HAVE YOUR ATTORNEY SUBMIT NOTICE TO THE COURT WITH YOUR NEW ADDRESS, BEFORE YOU MOVE.**</u>

B) **INFORM ME BEFORE YOU MOVE.**

2) <u>**YOU CAN NOT USE DRUGS AND REMAIN ON PRETRIAL SUPERVISION.**</u>

IF YOU TEST POSITIVE FOR <u>**ANY**</u> ILLEGAL SUBSTANCE OR NARCOTIC DRUG THAT IS NOT PRESCRIBED TO YOU, **PLAN TO MOVE TO PHASE I. ALSO PLAN TO BEGIN PAYING A COPAYMENT FOR YOUR TREATMENT.**

3) IF YOU SPEAK TO ANY LAW ENFORCEMENT OFFICER, FOR ANY REASON, YOU ARE REQUIRED TO NOTIFY ME IMMEDIATELY (WITHIN 48 HOURS).

4) ALWAYS CALL OFFICE PHONE FIRST UNLESS YOU HAVE AN EMERGENCY (615) 736-5771 EXT 113.

<u>**IF**</u> YOU NEED TO COMMUNICATE WITH ME VIA CELL PHONE (476-7215), PLEASE TEXT ME. I WILL CALL YOU BACK.

YOUR ACKNOWLEDGMENT AND COOPERATION OF THESE POLICIES IS GREATLY APPRECIATED.

*JaLisa Brook  10-21-2013*